UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL ACTION H-14-171S-12 |
| | § | |
| DEBORAH DAVIS | § | |

## Order

Pending before the court are the following motions filed by defendant Deborah Davis: (1) motion for list of witnesses (Dkt. 202); (2) motion for Jencks Act material (Dkt. 203); (3) motion for disclosure of identity or whereabouts of informants and cooperating individuals 30 days before trial (Dkt. 205); (4) motion in limine regarding other crimes and uncharged misconduct (Dkt. 208); (5) motion for *Brady* materials and preservation and production of rough notes (Dkt. 209); (6) motion for leave to submit questionnaire to prospective jurors (Dkt. 211); (7) motion to produce law enforcement interview reports or notes with individuals who will not be witnesses at trial (Dkt. 212); (8) motion for transcript of grand jury minutes (Dkt. 213); (9) motion for disclosure of payments to government witnesses (Dkt. 214); (10) motion for disclosure of confidential and other informants (Dkt. 215); (11) motion for notice of Government intent to use evidence (Dkt. 216); (12) motion for discovery (Dkt. 217); (13) motion to allow counsel to conduct voir dire (Dkt. 218); and (14) motion for disclosure of expert witness summaries and expert reports (Dkt. 219). After considering the motions, responses,[1] and applicable law, the court is of the opinion that the motions at Docket entries

---

[1] The Government provided three responses to all of the motions that are the subject of this order. *See* Dkts. 239–41. The responses at docket entries 239 and 241 addressed specific motions. *See* Dkts. 239, 241 (addressing the motions at docket entries 208 and 211). The response at docket entry 240, on the other hand, entitled "Government's Response to Defendant Davis's Various

202, 203, 209, and 212 should be DENIED, the motion at docket entry 205 should be DENIED AS MOOT, the motions at docket entries 213, 214, 215, 217, and 219 should be GRANTED IN PART AND DENIED IN PART as further explained below, the motion at docket entry 216 should be GRANTED AS UNOPPOSED, and the motion at docket entry 218 should be GRANTED. The court defers ruling on the motion at docket entry 208 until the pretrial conference, and it defers ruling on the motion at docket entry 211 until the parties submit a joint proposed questionnaire.

### I. MOTION FOR LIST OF WITNESSES

Davis's first motion is for an order requiring the Government to provide a list of witnesses that the Government may call during its case-in-chief or rebuttal prior to trial so that Davis may properly voir dire the jury panel and intelligently exercise her peremptory challenges. Dkt. 202. Davis contends that she cannot meaningfully confront and cross-examine witnesses without having their identities, including names and addresses, disclosed well in advance of trial. *Id.*

The Government states that it will file a list of witnesses whom the Government expects may testify immediately prior to trial, as required by the Local Rules of the Southern District of Texas. Dkt. 240 (citing S.D. Tex. Local Rules, App. C § J). It declines, however, to provide a list of names and addresses, asserting that it is not required to do so under Rule 16. *Id.*

---

Motions for Discovery," was broken into seventeen sections that do not indicate to which motion or motions they relate. *See* Dkt. 240. The court assumes that the Government meant this to be a response to the remainder of Davis's then-pending motions. The generalized nature of the response required the court to attempt to ascertain which sections related to which motion or motions and to decipher whether the Government was actually opposed to a particular request or not. The court instructs the Government to structure its future responses in a manner that indicates which motion or motions particular sections are addressing and whether the Government is opposed to the specific requests contained in the motions.

2

Under Federal Rule of Criminal Procedure 16, the Government must disclose, upon request, (1) the defendant's oral statement; (2) the defendant's written or recorded and statement; and (3) the defendant's prior record. Fed. R. Crim. P. 16(a)(1)(A)-(D). The Government also must allow the defendant to inspect and copy documents and objects in the Government's possession, custody, or control (a) that are material to preparing the defense; (b) that the Government intends to use in its case-in-chief at trial; or (c) that were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). The Government must allow the defendant to inspect and copy the results of reports of certain examinations or scientific tests or experiments, and it must give the defendant a written summary of expert testimony. Fed. R. Crim. P. 16(a)(1)(F)-(G). The Government is not required to allow discovery or inspection of statements made by prospective Government witnesses except as provided by 18 U.S.C. § 3500. Fed. R. Crim. P. 16(a)(2).

Under 18 U.S.C. § 3500, statements or reports made by Government witnesses or prospective Government witnesses, other than the defendant, are not subject to subpoena, discovery, or inspection until after the witness has testified on direct examination in court. 18 U.S.C. § 3500(a). After the witness has been called by the Government, the court shall order the Government to produce any statements of the witness in the Government's possession that relate to the testimony, at the request of the defendant. 18 U.S.C. § 3500(b).

"[T]here is no constitutional right to pretrial discovery of witnesses in non-capital cases." *United States v. Aguilar*, 503 F.3d 431, 434 (5th Cir. 2007) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837 (1977)). "Rule 16 . . . makes no provision for the production of the names and addresses of witnesses for the government." *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982). In certain cases, however, due process or the supervisory powers of the court may require

"the divulgence of information in the government's hands." *Id.* For instance, the Government may be required to provide discovery not otherwise required by the rules if it is exculpatory or if it relates to confidential informants who have relevant and helpful information. *Id.* (citing *Weatherford*, 429 U.S. at 559; *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); and *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623 (1957)).

Here, there is no indication that there is a need for production of a witness list prior to the time it is required under the Local Rules. Accordingly, Davis's motion, to the extent it requests early disclosure and the addresses of the witnesses, is DENIED.

## II. MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIALS 30 DAYS BEFORE TRIAL

Davis next requests that the court order the Government to disclose all statements and reports within the meaning of the Jencks Act, 18 U.S.C. § 3500, 30 days before trial. Dkt. 203. Davis does not provide any reason for the request or cite any caselaw. *See id.* As noted above, the Jencks Act requires the Government to provide relevant witness statements or reports after the witness has testified at trial. 18 U.S.C. § 3500. Since Davis has not identified a need for these materials 30 days before trial and nothing in the rules requires this early disclosure, her motion is DENIED.

## III. MOTION FOR EARLY DISCLOSURE OF IDENTITY AND WHEREABOUTS OF INFORMANTS AND COOPERATING INDIVIDUALS THIRTY DAYS BEFORE TRIAL

Davis moves for the court to order the Government to disclose the identity and whereabouts of all informants or cooperating individuals who were participants in the transactions alleged in this case thirty days before trial. Dkt. 205. The Government asserts that no confidential informants were used as part of the investigation in this case. Dkt. 240. Since there are no informants, Davis's motion is DENIED AS MOOT.

## IV. MOTION IN LIMINE REGARDING OTHER CRIMES AND UNCHARGED CONDUCT

Davis moves for the court to order that the Government and its witnesses should refrain from referring to any other extraneous crimes or misconduct by Davis or other defense witnesses until the court conducts a hearing outside of the presence of the jury to make certain determinations. Dkt. 208. The Government does not object to a hearing outside the presence of the jury to determine the admissibility of other crimes, wrongs, or acts evidence under Rules 403, 404(b) and 609 of the Federal Rules of Evidence, as long as the requirement applies regardless of which party is offering the evidence. Dkt. 241. The Government, however, objects to a suggestion in Davis's briefing that evidence of other crimes can only be used in rebuttal. *Id.* The court DEFERS ruling on this motion until the pretrial conference.

## V. MOTION FOR PRESERVATION AND PRODUCTION OF ROUGH NOTES

Davis moves for the court to order the Government to preserve and produce all handwritten notes of all cooperating witnesses and law enforcement officers and agents as well as any statements attributed to Davis. Dkt. 209. She asserts that the notes of the agents and cooperating witnesses that have been used in the preparation of the final reports of the witnesses are subject to required disclosure, along with other Jencks Act materials. *Id.* She cites 18 U.S.C. § 3500, Rules 16 and 26.2, and *Brady* in support of this request. *See id.* The Government asserts that the Fifth Circuit has no requirement that rough or original notes be retained or made available for discovery purposes. Dkt. 240. It asserts, however, that if it becomes aware of exculpatory or mitigating evidence contained in witness statements, agent notes or reports, it will notify Davis's counsel. *Id.*

Under Fifth Circuit law, even if the rough notes of an agent contain occasional verbatim recitations of phrases used by the person being interviewed, they are not necessarily a "statement"

for Jencks Act purposes. *United States v. Cole*, 634 F.2d 866, 867 (5th Cir. 1981). Additionally, the Fifth Circuit has held that the Jencks Act does not require "that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports." *Id.* at 868 (quoting *United States v. Pacheco*, 489 F.2d 554. 556 (5th Cir. 1974)). Thus, if notes are "destroyed by an agent in good faith" there is no violation of the Jencks Act. *Id.*

Since the Fifth Circuit does not impose the requirement to preserve notes that Davis requests and the Government has otherwise agreed to disclose any materials pursuant to Rules 16 and 26.2, the Jencks Act, *Brady*, and *Giglio*, Davis's motion is DENIED.

## VI. MOTION TO SUBMIT A JURY QUESTIONNAIRE

Davis moves for the court to allow her to submit a jury questionnaire, arguing that a jury questionnaire is an effective method of obtaining important information and will lay the foundation for all parties to intelligently exercise their peremptory challenges. Dkt. 211. She states that her proposed questionnaire is attached to her motion, but she did not file a proposed questionnaire. *See id.* The Government does not object to a questionnaire as long as the parties agree to its form prior to jury selection. Dkt. 239. The Government states that it is working with Davis to create an agreed questionnaire for submission to the court. *Id.* The court will therefore defer on ruling on this motion until the parties submit the agreed questionnaire for the court's review.

## VII. MOTION TO PRODUCE LAW ENFORCEMENT INTERVIEW REPORTS OR NOTES WITH INDIVIDUALS WHO WILL NOT BE WITNESSES AT TRIAL

Davis next requests that the court require the Government to produce all investigative reports or notes by law enforcement agencies that contain memoranda or interviews conducted by employees of those agencies with individuals who will not be called as witnesses at trial but who were

6

interviewed during the investigation. Dkt. 212. Davis makes this request pursuant to *Brady*'s requirement that the Government produce exculpatory evidence. *Id.* Davis asserts that only Davis can determine what is exculpatory or favorable within her own theory of the case. *Id.*

*Brady* and its progeny do not require open access to all government records just in case there may something relevant to the defendant's case. While it is true that there could in some circumstances be materials that the Government does not realize are exculpatory until it is more aware of the defendant's theory of his or her case, the Government here has noted that it is aware of its continuing duty to disclose required evidence. Dkt. 240. The court finds that so long as the Government complies with its obligations under *Brady* and its progeny and discloses materials as soon as it becomes aware that they may be exculpatory, then Davis's rights are protected. Davis's motion for production of all investigative reports or notes is therefore DENIED.

### VIII. MOTION TO TRANSCRIBE GRAND JURY MINUTES

Davis moves for an order requiring that the Government have the minutes of the Grand Jury transcribed so that they will be available at trial should the court rule that they are producible for Davis's inspection and use. Dkt. 213. The Government states that it will not tender the Grand Jury transcript except as required by the Jencks Act, Rules 6 and 26.2 of the Federal Rules of Criminal Procedure, or *Brady* and *Giglio*. Dkt. 240. The Government points out that Grand Jury testimony is specifically addressed in the Jencks Act, which indicates that the defendant may obtain the materials when the witness testifies at trial.[2] *Id.* The Government states that it will provide any Jencks Act materials one week prior to the trial date. *Id.*

---

[2] A statement made by a witness to a grand jury is included in the definition of "statement" in the Jencks Act. 18 U.S.C. § 3500(e)(3).

To the extent Davis is requesting that she be provided any statements made to the grand jury that fit within the requirements of the Jencks Act in advance of trial, Davis's motion is GRANTED AS UNOPPOSED. Davis's motion is otherwise DENIED.

### IX. MOTION FOR DISCLOSURE OF PAYMENTS TO GOVERNMENT WITNESSES

Davis moves for an order requiring the disclosure of payments to witnesses and informants. Dkt. 214. The Government asserts that it did not use any confidential witnesses or informants in this case and that it will make available any promises, inducements, or plea agreements made with any witnesses it plans to call during trial. Since there are no payments to informants and the Government has agreed to disclose inducements to witnesses, Davis's motion as it relates to disclosure of payments to witnesses is GRANTED AS UNOPPOSED, and her motion as it relates to disclosure of payments to informants is DENIED AS MOOT.

### X. MOTION FOR DISCLOSURE OF CONFIDENTIAL AND OTHER INFORMANTS, AGENTS, AND COOPERATING INDIVIDUALS

Davis moves for an order directing the Government to furnish the names, addresses, telephone numbers, and present locations of any informant or cooperating individual or agent who supplied information or performed any role whatsoever that resulted in the indictment of Davis. Dkt. 215. Davis requests the same information with regard to any individuals who were involved in any way with getting the informants or cooperating individuals in touch with the Government. *Id.* Davis also requests the following information about these individuals: (1) whether they were suspected of, under investigation for, or apprehended for any crime at the time the individuals were assisting the Government as well as details about the crime and outcome; (2) whether they had any financial arrangement with any governmental agency due to their actions or inactions and, if so, the details of the arrangements; (3) whether they were threatened by any governmental official in relation

to providing assistance, including threats of prosecution; (4) whether they had criminal records and the details of those records; and (5) whether they ever had any plea agreements, bargains, or other arrangements with any governmental agency. *Id.* Davis also requests disclosure of (1) any information that tends to show bias or prejudice on the part of any of the individuals subject to this motion; (2) any information tending to show these persons made contradictory or inconsistent statements relative to this case; (3) any information tending to show these persons have ever been threatened with physical violence by the defendants in this case or the defendants' families; (4) any information tending to show that these people suffer for any material defects in perception, memory, veracity, or articulation; and (5) any information tending to show that they may have failed at any time to identify or misidentify the defendants in this case. *Id.*

The Government states that is did not use confidential witnesses or informants to investigate this case. Dkt. 240. It agrees to make available any promises, inducements, or plea agreements it made with any witnesses that it intends to call during the trial as well as the prior criminal records of the witnesses it has reason to suspect may have a criminal history pursuant to the requirements of *Giglio*. *Id.*

To the extent the motion requests disclosure of information related to confidential witnesses and informants, the motion is DENIED AS MOOT. To the extent it requests information the Government has agreed to provide pursuant to *Giglio*, *Brady*, and Rules 16 and 26.2, the motion is GRANTED AS UNOPPOSED. And, to the extent the motion requests additional information not required by *Giglio*, *Brady*, and Rules 16 and 26.2, the motion is DENIED, as Davis has provided no authority indicating that she is entitled to additional information.

9

## XI. MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENT TO RELY ON OTHER CRIMES, WRONGS, ACTS, AND MISCONDUCT EVIDENCE

Davis moves for an order requiring the Government to provide pretrial notice under Rule 404(b) of the Federal Rules of Evidence of its intent to introduce evidence alleging that Davis committed other crimes, wrongs, acts, and misconduct, and to provide Davis with a list of all such evidence, including the names of witnesses, dates, summaries of expected testimony, and any related documentary evidence. Dkt. 216. The Government states that it is aware of the notice requirements of Rule 404(b) of the Federal Rules of Evidence and will provide notice to Davis in advance of trial. Dkt. 240. Davis's motion for disclosure is therefore GRANTED AS UNOPPOSED.

## XII. MOTION FOR DISCOVERY

Davis moves for an order requiring that the Government produce and permit her to inspect and copy the following items: (1) Davis's and the alleged co-conspirators' statements to law enforcement agents, whether written or recorded; (2) Davis's criminal records; (3) tangible evidence intended for use by the Government in its case in chief, along with a designation as to which materials fall in this category; (4) books, papers, documents, computer equipment, and other objects in the prosecution's possession that were obtained from Davis; (5) the date, time, and location of each occasion when surveillance, mail cover, search and seizure, was made of Davis; (6) all reports and results of any physical examinations or scientific tests or experiments conducted by the Government or its agents; (7) Rule 404(b) evidence; (8) all statements required under the Jencks Act; (9) evidence that may favor defense or impeaches; (10) prior criminal records of any person that the Government intends to call as a witness, including the FBI Identification Sheet showing prior arrest and convictions of the witnesses and the witnesses' status on parole, probation, or suspended sentence; (11) impeachment evidence, including offers or promises of grants of immunity, leniency,

financial assistance or other favorable action extended by the Government to any person it plans to call as a witness; (12) inconsistent statements by any witness the Government plans to call at trial, including any statement, writing, or record of any kind that contains information inconsistent with the Government's theory of the case; (13) evidence that a Government witness suffers or has suffered from a mental or emotional disturbance or drug/alcohol abuse during the period from the indictment through trial; (14) all discoverable information from the personnel or employment files of all informants or agents who may testify; (15) the last known address and phone number of each prospective Government witness; (16) any evidence that could lower the offense level under the sentencing guidelines role in the offense, loss amount, or other adjustment; (17) names of expert witnesses the Government intends to call at trial as well as a summary pursuant to Rule 17(a)(1)(G); and (18) the names, addresses, telephone numbers, and present locations of any informant or cooperating individual or any other agent of any governmental agency who supplied information that led to the arrest of Davis. Dkt. 217. Davis further requests that the Government inform the court if it intends to delay in production of *Giglio* and *Brady* materials until trial or shortly before, as these requests are for production of responsive items as soon as the information becomes available. *Id.* Davis also asks for a paragraph-by-paragraph response to her request for production. *Id.* With regard to the request for a paragraph-by-paragraph response, the Government is not required to point the defendant to specific documents within its overall production. *United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997). Accordingly, the request for an itemized response to the discovery requests is DENIED. The court will consider the remainder of the requests *seriatim*.

A.      **Request One**

The Government states that it has made available any written or recorded statements of Davis that are in its possession, custody, or control, pursuant to Rule 16. Dkt. 240. It declines, however, to provide the requested contact information of witnesses with personal knowledge of Davis's statement, as Rule 16 does not require this disclosure. *Id.* It also declines to provide the statements of Davis's co-conspirators, noting that neither the Rules nor the Jencks Act require this disclosure. *Id.* All that Davis has cited with regard to her request for these statements and for addresses of persons who witnessed or have knowledge of her statements is Rule 16(a)(1)(A). This rule does not require the disclosure Davis seeks. Accordingly, Davis's motion for statements is GRANTED AS UNOPPOSED to the extend that it requests materials the Government is required to produce under Rule 16(a)(1)(A). It is otherwise DENIED.

B.      **Requests Two through Seven**

Davis's requests for (a) her criminal records (request 2), (b) tangible evidence the Government will use in its case in chief (request 3), (c) items obtained from Davis (request 4), (d) the search warrants in this case (request 5), (e) reports and results of physical examinations and scientific tests (request 6), and (f) Rule 404(b) evidence (request 7), are GRANTED AS UNOPPOSED. *See* Dkt. 240, §§ III–VI, XI (indicating that the Government will provide these materials).

C.      **Request Eight**

Davis's request for Jencks Act materials is GRANTED to the extent it requests material required under the Jencks Act. It is DENIED to the extent she requests rough notes for the reasons outlined above relating to her motion that specifically addressed the notes.

### D. Requests Nine through Eleven

Davis's request for *Brady* and *Giglio* materials (request 9) is GRANTED AS UNOPPOSED. *See* Dkt. 240 § XIII. Davis's request for prior criminal records of Government witnesses (request 10) is GRANTED AS UNOPPOSED to the extent she requests criminal records required under *Giglio*. *See* Dkt. 240 § XIV. Davis's request for impeachment evidence and *Giglio* materials (request 11) is GRANTED AS UNOPPOSED to the extent she requests materials covered by *Brady*, *Giglio*, and their progeny.[3] *See* Dkt. 240 § XV.

### E. Request Twelve

The Government does not appear to address Davis's motion for disclosure of inconsistent statements of witnesses who will testify at trial. *See* Dkt. 240. However, these statements should be disclosed under *Giglio*; the motion is therefore GRANTED.

### F. Request Thirteen

The Government also did not address the request for information about any mental problems of drug abuse by Government witnesses. *See* Dkt. 240. If the Government has such information that it does not believe it is required to disclose, the court ORDERS that the Government provide it to the court for *in camera* inspection.

### G. Request Fourteen

The Government also does not specifically address Davis's request for an *Brady* or *Giglio* materials in the personnel or employment folders of informants or agents who may testify, though

---

[3] Davis has several requests under this category, and the Government's response merely indicates that it will comply with its obligations under *Brady*, *Giglio*, and their progeny. If Davis does not believe that this covers all categories of documents that she needs, then Davis may renew her motion during the status conference on January 9, 2015.

it acknowledges that it must produce *Brady* and *Giglio* materials (Dkt. 240 § XIII). Since Davis merely requests *discoverable* materials under *Brady* or *Giglio*, or an affidavit stating no such materials exist, the request is GRANTED.

**H.     Request Fifteen**

Davis's request for the names and addresses of each prospective Government witnesses, to the extent it requests early disclosure and the addresses of the witnesses, is DENIED, for the reasons stated above in regard to Davis's separate motion for a list of witnesses.

**I.     Request Sixteen**

Davis's request for evidence that could lower her sentence or offense level, which the Government does not specifically address, is GRANTED.

**J.     Request Seventeen**

Davis's request for the names of expert witnesses that the Government intends to call at trial as well as a written summary (request 17) is GRANTED AS UNOPPOSED. *See* Dkt. 240 § VII.

**K.     Request Eighteen**

Davis's request for disclosure of the names, addresses, phone numbers, and present locations of informants and cooperating individuals is GRANTED IN PART AND DENIED IN PART as noted above in the section addressing Davis's specific motion for disclosure of information related to confidential witnesses and informants.

## XII. MOTION FOR ATTORNEY PARTICIPATION IN VOIR DIRE

Davis requests that the court permit the attorneys to participate in the voir dire of prospective jurors. Dkt. 218. She also reiterates her request to submit a jury questionnaire. *Id.* The court has already addressed the request to submit a jury questionnaire when analyzing Davis's motion that

specifically addressed that topic (Dkt. 211). As far as the request to allow the attorneys to participate in voir dire, it is this court's practice to allow each party a set amount of time to ask any follow-up questions after the court has conducted voir dire. The Government does not indicate why it opposed this motion in its response to various discovery requests. *See* Dkt. 240. The motion is therefore GRANTED. The court will determine the appropriate amount of time during the pretrial conference.

### XIII. MOTION FOR DISCLOSURE OF EXPERT WITNESS SUMMARIES AND EXPERT REPORTS

Davis requests that the court order the Government to produce summaries of expert witness testimony that it intends to sponsor at trial or sentencing and expert reports, preliminary and final. Dkt. 219. She requests that this production be "fulfilled *instanter*, so that she may prepare for trial and/or sentencing in this case." *Id.* Under Rule 16(a)(1)(G), the Government must, upon the defendant's request, provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The Government has agreed to provide a written summary of all expert testimony it intends to use in its case-in-chief at trial. Dkt. 240 § VII. The motion therefore is GRANTED IN PART AS UNOPPOSED. Davis has not provided argument as to why she is entitled to summaries of expert testimony that the Government will not rely upon during trial but may rely upon for sentencing. The motion is therefore preliminarily DENIED. However, if Davis has good cause for such evidence, she will be permitted to address the issue during the status conference on January 9, 2015.

## XIV. Conclusion

The motions at Docket entries 202, 203, 209, and 212 are DENIED, the motion at docket entry 205 is DENIED AS MOOT, the motions at docket entries 213, 214, 215, 217, and 219 are GRANTED IN PART AND DENIED IN PART as explained above, the motion at docket entry 216 is GRANTED AS UNOPPOSED, and the motion at docket entry 218 is GRANTED. The court defers ruling on the motion at docket entry 208 until the pretrial conference, and it defers ruling on the motion at docket entry 211 until the parties submit a joint proposed questionnaire.

Signed at Houston, Texas on December 2, 2014.

_____
Gray H. Miller
United States District Judge